PREGERSON, J.,
Dissenting:
Fuentes Aguilar has lived in the United States since 1995. Fuentes Aguilar applied for asylum, likely with the assistance of a notario[1] of some kind. These individ *698 uals encourage undocumented immigrants to file asylum applications and collect fees for the “assistance” they render with the application. Fuentes Aguilar was referred to immigration court where he withdrew his asylum application and applied for cancellation of removal. The IJ denied Fuentes Aguilar’s application for cancellation of removal because Fuentes Aguilar had failed to demonstrate the required ten years of physical presence in the United States.
Fuentes Aguilar entered the United States when he was approximately seventeen-years-old. He is now thirty-two-years old. In 2003, Fuentes Aguilar became a father when his fiancee gave birth to his son, Kevin Fuentes-Martinez, a United States citizen.
When a parent is denied cancellation of removal, the government effectively deports the parent’s United States-born children. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. See, e.g., Moore v. City of E. Cleveland, 431 U.S. 494, 503-05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) (“Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation’s history and tradition.”); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that “[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment”).
Because Fuentes Aguilar will be separated from his six-year-old U.S. citizen son, I cannot agree with the result in this case.

. Our case law recognizes the problem of notarios operating within the undocumented immigrant community. See, e.g., Morales Apolinar v. Mukasey, 514 F.3d 893, 897 (9th Cir.2008) (“All too often, vulnerable immigrants are preyed upon by unlicensed notar-ios and unscrupulous appearance attorneys who extract heavy fees in exchange for false promises and shoddy, ineffective representation. Despite widespread awareness of these abhorrent practices, the lamentable exploitation of the immigrant population continues ...."); Mendoza-Mazariegos v. Mukasey, 509 F.3d 1074, n. 4 (9th Cir., 2007) ("The immigration system in this country is plagued with 'notarios' who prey on uneducated immigrants.”).